SAMUEL ROSEN, trustee in bankruptcy, *vs.* JOSEPH B. SOMERSET & others.

Suffolk.    April 7, 1952. — February 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Fraudulent Conveyance.    Accounting.*

In a suit in equity by a trustee in bankruptcy against defendants who had taken a second mortgage of personalty from the bankrupt in fraud of creditors and had foreclosed the mortgage and acquired the equity in the property at the foreclosure sale, but were unable to return the property to the trustee because of a subsequent foreclosure of the first mortgage, the defendants were held jointly liable to pay the trustee the fair market value of the equity, not merely an amount which they had received as surplus from the foreclosure of the first mortgage.

BILL IN EQUITY, filed in the Superior Court on May 8, 1950.

The plaintiff appealed from a final decree entered after hearing by *Brogna,* J.   A previous opinion by this court is reported *ante,* 250.

*Morris Michelson,* for the plaintiff.

*Allen Gerson,* (*Jacob Geisinger & Arthur L. Eno, Jr.,* with him,) for the defendants.

WILLIAMS, J.   In pursuance of our direction given under G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, § 1 (see *Rosen* v. *Somerset, ante,* 250) the judge of the Superior Court has made an additional finding of material fact which is that "the value of the corporation's property at the time it was acquired by the Somersets and in place is $2,570.20." It has been decided that the defendants Somerset must account for the value of the equity in the corporation's property which was sold by them at foreclosure sale under their second mortgage. This value is now found to have been $2,570.20. The final decree provides that the bill be dismissed as against Sadie T. Somerset

and that Joseph B. Somerset pay to the plaintiff the sum of $2,241.55 with interest at 6% from December 5, 1949. This sum apparently was determined by adding together $841.55, the amount of the corporation's income improperly taken by Joseph B. Somerset, and $1,400, the amount received by Joseph B. Somerset and his wife, Sadie T. Somerset, as surplus from the proceeds of the foreclosure of the first mortgage. The bill should not have been dismissed as against Sadie T. Somerset as she was jointly liable with her husband to account for the value of the corporation's property sold at the foreclosure sale of the second mortgage. The final decree should have ordered Joseph B. Somerset to pay to the plaintiff $841.55 and Joseph B. Somerset and his wife to pay to the plaintiff $2,570.20. As modified in these respects the final decree is affirmed.

As it appears that after the final decree was entered in the Superior Court Joseph B. Somerset paid to the plaintiff $2,241.55, the trial court should provide that he be credited with the payment of $841.55 on his individual obligation to the plaintiff and that he and his wife be credited with the payment of $1,400 on their joint obligation.

*So ordered.*